# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1864V

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| BARBARA BREWER, * | Chief Special Master Corcoran |
| * | |
| Petitioner, * | |
| * | Filed: March 20, 2024 |
| v. * | |
| * | |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * | |

*David J. Carney*, Green & Schafle LLC, Philadelphia, PA, for Petitioner.

*Mary E. Holmes*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART
## FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On December 14, 2020, Barbara Brewer filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program).[2] Petitioner alleged that she suffered a right-side Shoulder Injury Related to Vaccine Administration ("SIRVA") following receipt of an influenza ("flu") vaccine on September 10, 2020. Petition (ECF No. 1) at 1. Respondent moved to dismiss the claim, and on September 19, 2023, I issued a decision denying entitlement. *See* Decision (ECF No. 44) (the "Decision"). Dismissal was not thereafter appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Jan. 15, 2024 (ECF No. 48) ("Final Fees Mot."). Petitioner requests a total of $63,940.15, reflecting $55,858.75 in fees incurred for the services of the attorneys and paralegals at Green &

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Schafle, LLC, and $8,081.40 in litigation-associated costs. Final Fees Mot. at 3. Respondent reacted to the final fees request on January 22, 2024. Response, dated Jan. 22, 2024 (ECF No. 49) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2–3.

For the reasons set forth below, I hereby **GRANT IN PART** Petitioner's motion, awarding fees and costs in the total amount of **$54,436.34**.

## ANALYSIS

**I.     Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought. Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, in unreasonable, or denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed just enough objective support to allow a fees award, although the claim's overall tenuous character gives me pause nevertheless. The record evidence preponderated quite strongly in favor of the conclusion that the Petitioner had suffered a bone fracture the day of her vaccination due to a fall at home—and that such an injury could not credibly be deemed vaccine-caused. Decision at 2, 16, 18. Although Petitioner and other family members attempted to gainsay this conclusion, these assertions were not especially credible.

At bottom, because the fall resulting in the bone fracture occurred the same day as vaccination, and due to Petitioner's assertions and the nature of some of her post-vaccination complaints, there remains the hazy shape of a claim supported by *some* fragments of objective proof—and hence I can find reasonable basis existed. But (and in keeping with my authority to restrict, limit, or even deny fees that are not "reasonable" in *any* Vaccine Act case, successful or not) I will be reducing the award herein, as noted (and discussed in more detail) below. Vaccine Program attorneys must not accept and then pursue every case presented to them, simply out of a good-faith desire to assist a client—and when it appears, as here, a case has been unnecessarily pursued, counsel should expect reduced fee awards even where the minimal standard of reasonable basis has been met.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorneys, based on the years work was performed:

|  | **2019** | **2020** | **2021** | **2022** | **2023** | **2024** |
|---|---|---|---|---|---|---|
| **David Carney (Attorney)** | $325.00 | $350.00 | $375.00 | $400.00 | $425.00 | $450.00 |
| **Adam Green (Attorney)** | -- | $400.00 | $400.00 | $425.00 | $425.00 | -- |
| **Evan Baker (Attorney)** | -- | -- | -- | -- | $200.00 | -- |
| **Evan Baker (Law Clerk)** | -- | -- | $150.00 | $157.50 | $165.00 | -- |
| **Paralegal at Green & Schafle LLC** | $145.00 | $145.00 | $145.00 | $145.00 | $175.00 | -- |

ECF No. 48 at 2–3, 28.

The attorneys at Green & Schafle practice in Philadelphia, Pennsylvania—a jurisdiction that has been deemed "in forum." Accordingly, they are entitled to the rates established in *McCulloch*. *See Hock v. Sec'y of Health & Hum. Servs.*, No. 17-168V, 2021 WL 1733520, at *2 (Fed. Cl. Spec. Mstr. Apr. 8, 2021). The specific hourly rates requested for the attorneys in question, plus their paralegals and law clerks, are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Peka v. Sec'y of Health & Hum. Servs.*, No. 20-1099V, 2023 WL 9288151, at 3 (Fed. Cl. Spec. Mstr. Dec. 20, 2023). I thus find no cause to reduce them in this instance.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 20, 2024).

The number of hours devoted to the claim itself, however, were unreasonably spent. As noted in the Decision, the facts of this case clearly established a bone fracture to be the cause of Petitioner's injury—and Petitioner's wholly-unpersuasive expert support in no way undermined that conclusion. Decision at 18. These are matters that counsel could have ascertained much sooner in representing this client, and taken steps thereafter to limit fees devoted to the matter. Moreover, the invoices submitted in connection with the fees request establish that prior to appearing for Petitioner (who initiated the claim *pro se*), counsel's firm was in discussion with the Petitioner about the matter for three months, or between early March 2021 and June 2021—and during that time had access to the medical records as well. *See* Billing Records (appended to Final Fees Mot. document as "Exhibit A"), at 14–16).

The foregoing thus establishes that counsel well could have determined—quite early in the case's life, moreover—that this claim was not likely to succeed, and therefore have taken steps to avoid devoting too much time to it. And yet after counsel's appearance, the matter continued for two more years, requiring briefing and expert input as well, all in service of a case that was not all that tenable. Such circumstances do not support a conclusion that all time devoted to this case was "reasonable." For that reason, and in keeping with my authority to apply limited, across-the-board percentage cuts in appropriate circumstances,[6] I hereby reduce by **fifteen percent** the total recoverable fees, based on the determination that the time spent in prosecuting this matter was overall unwise. This results in a reduction of fees to be awarded by $8,378.81.[7]

## III. Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $8,081.40 in outstanding costs, including medical record retrieval costs, mailing costs, and costs associated with the work of a single expert, Raymond Dahl, D.O. Final

---

[6] *See Humphries v. Sec'y of Health & Hum. Servs.*, No. 17-288V, 2021 WL 544097 (Fed. Cl. Spec. Mstr. Oct. 26, 2021) (citing *Hammitt v. Sec'y of Health & Hum. Servs.*, No. 07-170V, 2011 WL 1827221, at *3 (Fed. Cl. Spec. Mstr. Apr. 7, 2011).

[7] 15% of $55,858.75 is $8,378.81. Thus, the total award for attorney's fees to be awarded is $47,479.94.

Fees Mot. at 30–31. Dr. Dahl authored one expert report and submitted an invoice for a total of $7,500.00 (billing an hourly rate of $500.00 for 15 hours of work). *Id.* at 36.

I will make no adjustments to the litigation costs requested, except for those specific to Dr. Dahl. His opinion was unpersuasive and unhelpful, especially to the extent it speculated about a possible vaccine-related injury that could not be (as Respondent's expert easily established). As a result, and although his hourly rate is fair, Dr. Dahl's opinion constituted more a litigation-oriented device than a useful and independent expert's take on a difficult-to-resolve medical question. Under such circumstances, an expert should not receive the full amount of time billed to a matter— and for that reason, I will apply the same 15 percent reduction I am using for attorney time, reducing the amount to be awarded for Dr. Dahl's work to $6,375.00.[8]

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** Petitioner's Motion for Attorney's Fees and Costs, awarding **$54,436.34**, reflecting $47,479.94 in attorney's fees and $6,956.40, in costs in the form of a check made jointly payable to Petitioner and her attorney, Mr. David Carney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[9]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[8] 15% of $7,500.00 is $1,125.00. Thus, the total amount to be awarded for expert costs is $6,375.00.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.